Mr. Justice Clayton
delivered the opinion of the court.
This was an action of debt, on the official bond of a sheriff, against his sureties, (the sheriff being dead) to recover money paid into his hands. The facts are, that the present plaintiff, Thurmond, was defendant in an execution which issued to the sheriff of Kemper county, and in discharge thereof he paid to the sheriff the amount of the execution in Alabama currency, with such per centum added as was thought would make it *358 equal to par. The plaintiff in the execution refused to receive it of the sheriff, by reason whereof Thurmond had to pay the amount in other funds, and the sheriff failed, on demand made, to pay back to him the Alabama funds or their value. The question is, whether the sureties are bound for this act.
To determine this, it will be necessary to look to the extent of their obligation, contained in the bond. The condition, after .providing for the collection and payment of all Giles and forfeitures and amercements due to the state, or to any county, further recites, “ and shall also well and truly execute and due returns make of all process and precepts to him lawfully directed, and pay and satisfy all sums of money by him received by virtue of any such process or precept to the person or persons to whom the same are due’’ then, &c.
The money collected, under and by virtue of an execution, is due to the plaintiff in the execution. It would involve an absurdity to say that the money collected of a defendant in execution belongs to such defendant, and yet we should be driven to this extremity, if we were to sustain this action. The plaintiff here does not come within the condition of the bond, or in the contemplation of the law which provides an official bond for those whose rights are committed to the hands of sheriffs. In making payment in a currency not authorized by law, the defendant in the execution assumed the risk of the plaintiff’s approval of such payment. That risk he cannot throw upon the sureties in the bond. The sheriff, or his representatives, after his decease, would no doubt be personally responsible to the plaintiff in this action.
The demurrer to the declaration was properly sustained, and the judgment is affirmed/